## Case No. 467a.

### ANONYMOUS.

[1 Pet. Adm. 247, note.][1]

District Court, D. Pennsylvania. Jan., 1807.

SHIPPING—MATE BECOMING MASTER—LIABILITY ON CONTRACTS BY PREDECESSOR.

[A mate who, by the death of the master of a ship, becomes master for the rest of the voyage, is not responsible upon a contract for seamen's wages made by his predecessor in that office, and is a competent witness in a suit by such seamen against the owners.]

[See Atkyns v. Burrows, Case No. 618.]

[In admiralty. Libel for seamen's wages.] In a late case, in the district court, a question was made as to the responsibility of a mate, who, by the death of a captain, became master, by succeeding to that berth on a voyage. One, under these circumstances, was offered as a witness, on the part of the

owner, in a suit, by a mariner, against the ship and owner. It was said he was not answerable to the seamen for any wages; a liability for which, only attached by contract made with the late master; he was, therefore, disinterested in any event. On the other side it was contended, that by operation of law, the liability grew out of service, and not positive contract. If it did not reach farther than to the late master's death, it was operative for all wages accrued since that event.

## Case No. 468.

### ANONYMOUS.

[Pet. C. C. 457.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1817.

ALIENS—NATURALIZATION—REGISTRATION—PROOF —ACT APRIL 14, 1802.

1. Under the act of April 14th, 1802, [2 Stat. 154.] the registry of aliens required by the second section of the law, must have been made five years before the application for naturalization.

2. The applicant must also prove the period of his residence in the United States, and also, the other matters required by the provisions of the section.

3. Parol evidence of the arrival of an applicant for naturalization, five years prior to the application, is insufficient.

Upon a motion to admit an application for naturalization, the court decided, that under the act of April 14th, 1802, [2 Stat. 154,] the registry required by the second section must have been made five years antecedent to the application. Because, as the term of the arrival of the alien is not required to be set forth in the report and certificate, and yet it is declared to be evidence of that fact, it can only be so by referring to the date of

---

[1] [Originally published as a note to Atkyns v. Burrows, Case No. 618.]

[1] [Reported by Richard Peters, Jr., Esq.]

the report itself. Besides this, the party must exhibit common law proof of the length of his residence in the United States, as also of the other matters mentioned in the third condition of the first section. The applicant offered to prove, by parol evidence, that he arrived in the United States more than five years ago, but the court thought this insufficient.